# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JULIE A. SU, Acting Secretary of Labor, United States Department of Labor;**<br><br>**Petitioner,**<br><br>vs.<br><br>**CHRISTOPHER C. ARPS, d/b/a CAPITAL CITY ROOFING AND CONSTRUCTION**<br><br>**Respondent.** | **8:23CV138**<br><br>**ORDER** |

This matter comes before the Court on the Petition to Enforce Administrative Subpoena ([Filing No. 1](#)) filed by Julie A. Su, the Acting Secretary of Labor, United States Department of Labor (the "Secretary"). Upon consideration, the Court will grant the petition.

## BACKGROUND

On February 14, 2023, the Occupational Safety and Health Administration (OSHA) received a report indicating that an individual performing residential roofing work for Capital City Roofing and Construction had fallen from a height greater than six feet without fall protection while working on a duplex in Lincoln, Nebraska. Chris Arp was identified as the management official for Capital City Roofing and Construction. OSHA began an investigation into the report. OSHA Compliance Safety and Health Officer, Matt Lombardi, attempted to speak to Mr. Arp about the incident by telephone. Mr. Lombardi avers Mr. Arp was "extremely belligerent" and refused to provide information about workers performing work at the worksite. ([Filing No. 3-1](#)).

On February 27, 2023, OSHA issued a subpoena duces tecum to Mr. Arps and Capital City Roofing and Construction seeking documents as part of the investigation. The subpoena described 23 categories of documents to be produced by March 17, 2023. ([Filing No. 3-6](#)). OSHA hired a process server to personally serve the subpoena on Mr. Arps at his business address, 1939 N. 88th Street, Lincoln, Nebraska 68505. On February 28, 2023, the process server made two unsuccessful attempts to serve Mr. Arps at 1939 N. 88th Street, Lincoln, Nebraska 68505, which also appears to be his personal residence. During one attempt, the process server spoke with a woman who identified herself as Mr. Arps' wife. On March 1, 2023, the process server successfully served Mr.

Arps with the subpoena duces tecum, and after looking at it, Mr. Arps ripped it up in front of the process server and called her a profane and derogatory term. (Filing No. 3-8).

On March 13, 2023, Darwin Craig, the Assistant Area Director for the Omaha Area Office of OSHA, sent Mr. Arps a letter by certified mail and USPS reminding him that the subpoena required compliance by March 17, 2023. Mr. Arps did not produce documents by the date and did not contact OSHA regarding the subpoena. On March 22, 2023, Mr. Craig emailed Mr. Arps at the email address that appears on Capital City Roofing and Construction's Facebook page, reminding Mr. Arps that OSHA had subpoenaed him for documents to be produced by March 17, but no documents had been received. Mr. Craig then asked Mr. Arp to provide the documents no later than March 27, 2023, and attached another copy of the subpoena. On March 23, 2023, Mr. Arps replied by email indicating his belief Mr. Craig had emailed him by accident, that Mr. Arps had not received anything, and that he could not fill out paperwork for "personal and confidential reasons." Mr. Craig replied, reiterating the March 27, 2023, date to produce documents. Mr. Arps did not produce any documents by that date. On March 28, 2023, Mr. Arps emailed Mr. Craig, stating he did not have a company anymore and that the OSHA investigation had potentially cost him a customer. Mr. Arps concluded his email by stating: "You leave me with no choice!" and "Desperation is [sic] can be extremely dangerous to anybody in the wrong place at the wrong time!" (See Filing Nos. 3-9 to 3-15).

On April 12, 2023, the Secretary filed its petition to enforce the subpoena after receiving no documents in response from Mr. Arp. On April 13, 2023, this Court issued an Order to Show Cause directing Mr. Arps d/b/a Capital City Roofing and Construction to respond in writing to the petition by May 11, 2023, and appear for a hearing in this Court on May 24, 2023. (Filing No. 5). The Court directed the United States Marshal (USM) to serve Mr. Arp with a copy of its April 13 Order, the Secretary's petition, and accompanying exhibits. On April 26, 2023, the USM filed a process receipt and return showing Melissa Arps (Mr. Arps' wife) signed the certified mail receipt received at 1939 N. 88th Street, Lincoln, Nebraska 68505, on April 20, 2023. (Filing No. 6).

Mr. Arps did not respond in writing as order by May 11, 2023, nor did Mr. Arps or anyone on his behalf appear at the show cause hearing held on May 24, 2023.

**ANALYSIS**

Under the Occupational Safety and Health Act (the Act), the Secretary, through OSHA, has broad authority "to set mandatory occupational safety and health standards." 29 U.S.C. § 651(b)(3). OSHA has promulgated safety standards related to construction activities, including creating standards addressing fall hazards in construction settings. See 29 C.F.R. § 1926.10(a) and § 1926.500 et seq. The Secretary has the authority to make inspections and investigations of establishments or areas where work is performed to determine whether an employer has violated OSHA standards. See 29 U.S.C. § 657(a). In making these inspections and investigations, the Secretary is empowered to issue administrative subpoenas "requir[ing] the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). The Act authorizes the Secretary to subpoena documents and testimony from "any such employer, owner, operator, agent or employee." 29 U.S.C § 657(b) (emphasis added). If a person refuses or fails to obey such an order, this court has "jurisdiction to issue to such person an order requiring such person to appear to produce evidence if, as, and when so ordered, and to give testimony relating to the matter under investigation or in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof." *Id.*

It is well established that an administrative subpoena "'is properly enforced if (1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable.'" *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir. 2012) (quoting *Fresenius Med. Care v. United States*, 526 F.3d 372, 375 (8th Cir. 2008)). Once an agency has satisfied these requirements, the burden shifts to the respondent to show that judicial enforcement "'would amount to an abuse of the court's process.'" *Id.* (quoting *EEOC v. Peat, Marwick, Mitchell & Co.*, 775 F.2d 928, 931 (8th Cir. 1985)).

The Court has reviewed the record in this case and finds the subpoena was issued pursuant to lawful authority and for a lawful purpose. The Act's plain language authorizes the Secretary to subpoena documents and testimony from an owner during the course of an OSHA investigation and inspection. See 29 U.S.C. § 657(b). Mr. Arps was personally served with the subpoena by a process server and by certified mail. The OSHA compliance officers communicated with Mr. Arps by telephone and email, making it clear OSHA is investigating Mr. Arps and his company arising

out of the February 2023 fall, and that certain documents were being sought from Mr. Arps pursuant to the subpoena. A respondent bears a heavy burden to disprove the existence of a valid purpose for an administrative subpoena. See *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978). Mr. Arps was provided an opportunity to present objections to the subpoena in Court, and failed to do so. Accordingly, the Court finds the subpoena was issued pursuant to lawful authority under § 657(b) and for the lawful purpose of investigating whether Mr. Arps and his company violated OSHA standards.

The Court also finds the subpoena requests information relevant to the lawful purpose and the information sought is not unreasonable. "The standard for determining the relevance of a subpoena's requests is not particularly burdensome, and indeed, a subpoena should be enforced when the evidence sought by the subpoena is not plainly incompetent or irrelevant to any lawful purpose of the agency in the discharge of its duties." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 818 (8th Cir. 2012) (internal citation omitted). The Court must also examine whether the requests for documents are unreasonable, including whether they are overly broad. See *id.* at 819. The subpoena directed Mr. Arps to testify regarding the working conditions maintained by Capital City Roofing and Construction to and produce 23 categories of documents. The documents sought are commonly maintained by businesses, including Respondent's federal Employer Identification Number; documents identifying Respondent's employees or subcontractors and their contact information; documents relating to the work at the duplex; Respondent's safety, health, and disciplinary policies; documents reflecting training and training materials; and Respondent's injury and incident logs. ([Filing No. 3-6](Filing No. 3-6)). These documents are relevant to OSHA's investigation into the incident in February 2023, whether the injured party was Respondent's employee, what safety measures Respondent has undertaken to ensure employee safety and health, and whether OSHA can or should issue citations for any violations of OSHA standards. The requests are largely limited in time to seeking documents in effect on February 8, 2023, and largely pertain to the worksite where the incident occurred. As such, after review, the Court finds the subpoena requests information relevant to OSHA's lawful purpose of investigating whether Mr. Arps and his company violated OSHA standards, and the information sought is not unreasonable.

Because the Secretary satisfied the requirements for judicial enforcement of the subpoena, the burden then shifts to Mr. Arps to show enforcement would be an abuse of process. The court's process is abused when a subpoena is "issued for an improper purpose, such as to harass the [respondent] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Whispering Oaks*, 673 F.3d at 819 (quoting *United States v. Powell*, 379 U.S. 48, 58 (1964)). Although Respondent has been provided several chances to respond or object to the subpoena both to OSHA and to this Court, he has failed to do so. Accordingly, the Court finds the Secretary's Petition to Enforce Administrative Subpoena (Filing No. 1) should be granted. Respondent is warned that "any failure to obey such order of the court may be punished by said court as a contempt thereof." See 29 U.S.C. § 657(b). Upon consideration,

**IT IS ORDERED:**
1. The Secretary's Petition to Enforce Administrative Subpoena (Filing No. 1) is granted.
2. Respondent, Christopher C. Arps d/b/a Capital City Roofing and Construction, shall comply with the subpoena *duces tecum* issued by the Area Director of the Omaha Area Office of the Occupational Safety and Health Administration ("OSHA"), United States Department of Labor dated February 27, 2023.
3. Within **thirty (30)** days of service of this Order, Respondent, Christopher C. Arps d/b/a Capital City Roofing and Construction, shall produce t**he documents listed in Appendix A attached to this Order** by delivering them to the OSHA Omaha Area Office via U.S. Mail or other delivery service, via email to Thurlby.Matthew@dol.gov, or by making arrangements for in-person delivery at the OSHA Omaha Area Office, 444 Regency Parkway Drive, Suite 303, Omaha, Nebraska 68114.
4. The statute of limitations under which OSHA is required to issue citations under the Occupational Safety and Health Act, 29 U.S.C. § 658(c), shall be tolled from the date of the filing of the Petition, April 12, 2023, until thirty (30) days after Respondent fully complies with the subpoena duces tecum.
5. The Clerk of Court is directed to provide the United States Marshal copies of this Order with Appendix A and the accompanying USM FORM 285, Process Receipt and Return.

The United States Marshal is directed to serve Respondent, Christopher Arps d/b/a Capital City Roofing and Construction, at 1939 N. 88th Street, Lincoln, Nebraska 68505 with a copy of this Order and Appendix A.

6. The Clerk of Court is further directed to mail a copy of this Order to Respondent at:

>Christopher Arps d/b/a Capital City Roofing and Construction
>1939 N. 88th Street
>Lincoln, Nebraska 68505

Dated this 26th day of May, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge