IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor; | 8:23CV138 |
| Petitioner, | |
| vs. | CERTIFICATION OF FACTS SUPPORTING CONTEMPT AND FINDINGS AND RECOMMENDATION |
| CHRISTOPHER C. ARPS, d/b/a CAPITAL CITY ROOFING AND CONSTRUCTION | |
| Respondent. | |

This matter comes before the Court on the Motion for Adjudication of Civil Contempt (Filing No. 13) filed by Petitioner, Julie A. Su, the Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"). Petitioner requests an order holding Respondent, Christopher C. Arps d/b/a Capital City Roofing and Construction, in contempt for failure to comply with the Court's May 26, 2023, Order (Filing No. 9), which granted the Acting Secretary's Petition to Enforce Administrative Subpoena (Filing No. 1) and compelled Respondent to comply with the subpoena duces tecum issued by the Area Director of the Omaha Area Office of the Occupational Safety and Health Administration ("OSHA"), United States Department of Labor, dated February 27, 2023.  Because Mr. Arps did not respond to or comply with the Court's May 26 Order, on August 17, 2023, the Court entered an Order Directing Respondent to Appear and Show Cause Why He Should Not Be Held in Civil Contempt (Filing No. 16).  In this August 17 Order, the Court ordered Mr. Arps to appear before the undersigned magistrate judge on October 10, 2023, to show cause why he should not be held in contempt for failing to respond to comply with the Court's May 26, Order and the Acting Secretary's administrative subpoena.  Mr. Arps failed to appear at the show cause hearing and, to date, has not complied with any of the Court's orders or responded to the subpoena.  Therefore, based upon the record before the Court, pursuant to 28 U.S.C. § 636(e)(6), the undersigned magistrate judge certifies to Chief Judge Robert F. Rossiter the following findings of fact supporting the recommendation that Christopher Arps, d/b/a Capital City Roofing and Construction, be found in contempt and sanctioned for his repeated and continued failure to comply with court orders.

## CERTIFICATION OF FACTS

On February 14, 2023, OSHA received a report indicating that an individual performing residential roofing work for Capital City Roofing and Construction had fallen from a height greater than six feet without fall protection while working on a duplex in Lincoln, Nebraska. Mr. Arps was identified as the management official for Capital City Roofing and Construction. OSHA began an investigation into the report. OSHA Compliance Safety and Health Officer, Matt Lombardi, attempted to speak to Mr. Arps about the incident by telephone. Mr. Lombardi avers Mr. Arps was "extremely belligerent" and refused to provide information about workers performing work at the worksite. (Filing No. 3-1).

On February 27, 2023, OSHA issued a subpoena duces tecum to Mr. Arps and Capital City Roofing and Construction seeking documents as part of the investigation. The subpoena described 23 categories of documents to be produced by March 17, 2023. (Filing No. 3-6). OSHA hired a process server to personally serve the subpoena on Mr. Arps at his business address, 1939 N. 88th Street, Lincoln, Nebraska 68505. On March 1, 2023, the process server successfully served Mr. Arps with the subpoena duces tecum, and after looking at it, Mr. Arps ripped it up in front of the process server and called her a profane and derogatory term. (Filing No. 3-8).

On March 13, 2023, Darwin Craig, the Assistant Area Director for the Omaha Area Office of OSHA, sent Mr. Arps a letter by certified mail and USPS delivery confirmation reminding him that the subpoena required compliance by March 17, 2023. Mr. Arps did not produce documents by the date and did not contact OSHA regarding the subpoena. On March 22, 2023, Mr. Craig emailed Mr. Arps at the email address that appears on Capital City Roofing and Construction's Facebook page, reminding Mr. Arps that OSHA had subpoenaed him for documents to be produced by March 17, but no documents had been received. Mr. Craig then asked Mr. Arps to provide the documents no later than March 27, 2023, and attached another copy of the subpoena. On March 23, 2023, Mr. Arps replied by email indicating his belief Mr. Craig had emailed him by accident, that Mr. Arps had not received anything, and that he could not fill out paperwork for "personal and confidential reasons." Mr. Craig replied, reiterating the March 27, 2023, date to

produce documents. Mr. Arps did not produce any documents by that date. On March 28, 2023, Mr. Arps emailed Mr. Craig, stating he did not have a company anymore and that the OSHA investigation had potentially cost him a customer.  Mr. Arps concluded his email by stating: "You leave me with no choice!" and "Desperation is [sic] can be extremely dangerous to anybody in the wrong place at the wrong time!" (See Filing Nos. 3-9 to 3-15).

On April 12, 2023, the Acting Secretary filed her petition to enforce the subpoena after receiving no documents in response from Mr. Arps. (Filing No. 1).  On April 13, 2023, the undersigned magistrate judge issued an Order to Show Cause directing Mr. Arps d/b/a Capital City Roofing and Construction to respond in writing to the petition by May 11, 2023, and appear for a hearing on May 24, 2023, to show cause, if any, why he should not be required to produce the documents requested. (Filing No. 5).  The Court directed the United States Marshal (USM) to serve Mr. Arp with a copy of its April 13 Order, the Acting Secretary's petition, and accompanying exhibits.  On April 26, 2023, the USM filed a process receipt and return showing Melissa Arps (Mr. Arps' wife) signed the certified mail receipt received at 1939 N. 88th Street, Lincoln, Nebraska 68505, on April 20, 2023.  (Filing No. 6).

Mr. Arps did not respond in writing as ordered by May 11, 2023, nor did Mr. Arps or anyone on his behalf appear at the show cause hearing held on May 24, 2023.  Therefore, on May 26, 2023, the Court granted the Acting Secretary's petition to enforce the subpoena and ordered Mr. Arps to produce the documents sought by OSHA:

> Within thirty (30) days of service of this Order, Respondent, Christopher C. Arps d/b/a Capital City Roofing and Construction, shall produce the documents listed in Appendix A attached to this Order by delivering them to the OSHA Omaha Area Office via U.S. mail or other delivery service, via email to Thurlby.Matthew@dol.gov, or by making arrangements for in-person delivery at the OSHA Omaha Area Office, 444 Regency Parkway Drive, Suite 303, Omaha, Nebraska 68114.

(Filing No. 9).  The Court's May 26 Order warned Mr. Arps that "any failure to obey such order of the court may be punished by said court as a contempt thereof."

3

At the Court's direction, the Clerk of Court mailed a copy of the May 26 Order to Mr. Arps, and the USM personally served Mr. Arps with a copy.  On June 14, 2023, the USM filed a process receipt and return showing that Mr. Arps was personally served on June 13, 2023.  (Filing No. 10).  Pursuant to the May 26 Order, Mr. Arps was required to produce documents in response to the administrative subpoena by July 13, 2023, i.e. 30 days from the date he was served with the order.

On July 21, 2023, the Acting Secretary filed a Notice informing the Court of Mr. Arps' failure to comply with the Court's May 26 Order. (Filing No. 11).  According to the supporting documents provided by the Acting Secretary, OSHA employees regularly check the mail at the Omaha Area Office, but no documents were received via U.S. mail or delivery service by July 13, 2023.  Area Director Matthew Thurlby did not receive documents via email, and Mr. Arps did not make arrangements with any OSHA employee for in-person delivery. Mr. Craig emailed Mr. Arps on July 14, 2023, attaching a copy of the May 26 Order and explaining that Mr. Arps had been required to produce documents by July 13.  Mr. Craig asked Mr. Arps to produce documents by July 19, 2023.  Mr. Craig further explained that if Mr. Arps failed to do so, the Acting Secretary would notify the Court and seek civil contempt sanctions, including a daily monetary fine and attorneys' fees.  Mr. Arps did not produce any documents via U.S. mail or other delivery service, via email, or in person by July 19, 2023.  (Filing No. 12-1; Filing No. 12-2).

On August 17, 2023, after Mr. Arps failed to comply with the administrative subpoena and produce documents as required by the Court's May 26 Order, the Acting Secretary filed the instant Motion for Adjudication of Civil Contempt.  (Filing No. 13).  In the motion, the Acting Secretary seeks an order holding Mr. Arps in civil contempt; directing Mr. Arps to cease and desist from disobeying and resisting the Court's May 26 Order and produce documents; subjecting Mr. Arps to a daily coercive fine if he fails to produce documents; subjecting Mr. Arps to conditional incarceration if he fails to produce documents; and awarding the Acting Secretary her reasonable attorneys' fees and costs incurred in connection with the motion.  The Acting Secretary served the motion, brief, and accompanying exhibits on Mr. Arps via UPS.  (Filing No. 13 at p. 4).

4

On August 17, 2023, the undersigned magistrate judge issued an Order Directing Respondent to Appear and Show Cause Why He Should Not be Held in Civil Contempt. (Filing No. 16).  The Order directed Mr. Arps d/b/a Capital City Roofing and Construction to appear before the undersigned magistrate judge at 9:30 a.m. on October 10, 2023, in Courtroom No. 6, Roman L. Hruska Courthouse, 111 S. 18th Plaza, Omaha, to show cause as to why he should not be held in contempt of court and sanctioned for failure to respond to the administrative subpoena and comply with the Court's May 26 Order.  The August 17 Order warned Mr. Arps that "failure to appear at the hearing will result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions, as appropriate and authorized under the law."  At the Court's direction, the Clerk of Court mailed a copy of the August 17 Order to Mr. Arps, and the USM personally served Mr. Arps with a copy.  On June 14, 2023, the USM filed a process receipt and return showing that Mr. Arps was personally served on September 8, 2023. (Filing No. 18).  On October 6, 2023, counsel for the Acting Secretary emailed Mr. Arps and attached copies of the Court's May 26 Order enforcing the administrative subpoena and the August 17 Order setting the show-cause hearing.  Counsel for the Acting Secretary emphasized the importance of appearing at the show-cause hearing set for October 10, 2023.  (See Exhibit 1 - received during October 10, 2023, show cause hearing).

On October 10, 2023, the show-cause hearing was held before the undersigned magistrate judge as scheduled. Counsel for the Acting Secretary and OSHA Area Director Matthew Thurlby appeared at the hearing. Neither Mr. Arps nor counsel on behalf of Mr. Arps appeared at the hearing.  The Court received Petitioner's Exhibit 1, a copy of the email sent to Mr. Arps by counsel for the Acting Secretary on October 6. The Court took judicial notice of the docket and ordered the Acting Secretary to file further evidence regarding the relief sought in the motion for contempt, including documentation regarding the requested fees and costs, after which the matter would be deemed submitted.  (Filing No. 19).  On October 24, 2023, counsel for the Acting Secretary filed the supplemental evidence as directed.  (Filing No. 22; Filing No. 23).

**ANALYSIS**

Under the Occupational Safety and Health Act (the Act), the Acting Secretary, through OSHA, has broad authority "to set mandatory occupational safety and health standards." 29 U.S.C. § 651(b)(3). OSHA has promulgated safety standards related to construction activities, including creating standards addressing fall hazards in construction settings. See 29 C.F.R. § 1926.10(a) and § 1926.500 et seq. The Acting Secretary has the authority to make inspections and investigations of establishments or areas where work is performed to determine whether an employer has violated OSHA standards. See 29 U.S.C. § 657(a). In making these inspections and investigations, the Secretary is empowered to issue administrative subpoenas "requir[ing] the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). In making these inspections and investigations, the Act authorizes the Secretary to subpoena documents and testimony from "any such employer, owner, operator, agent or employee." 29 U.S.C § 657(b) (emphasis added). If a person refuses or fails to obey such an order, this court has "jurisdiction to issue to such person an order requiring such person to appear to produce evidence if, as, and when so ordered, and to give testimony relating to the matter under investigation or in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof." *Id.*

The failure to obey a court order requiring that person to produce evidence relating to the matter under investigation or in question "may be punished by said court as a contempt thereof." 29 U.S.C. § 657(b). Further, among the inherent powers of a federal court is the power to punish for contempt of its authority, which "reaches both conduct before the court and that beyond the court's confines." *Isaacson v. Manty*, 721 F.3d 533, 538 (8th Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Congress defined the scope of this contempt power in 18 U.S.C. § 401, which governs both civil and criminal contempt. See *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993). In relevant part, the statute provides that a federal court has the "power to punish by fine or imprisonment, or both, at its discretion, . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v.*

*Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 n.56 (1947)).

A party commits contempt by violating "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In re Reed*, 888 F.3d 930, 936 (8th Cir. 2018); see also *Hazen v. Reagen*, 16 F.3d 921, 924 (8th Cir. 1994) ("Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." (quotation marks omitted)).  The violation need not be willful.  See *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of wilfulness does not relieve from civil contempt."). Granting a contempt order is within the trial court's discretion.  See *FTC v. Neiswonger*, 580 F.3d 769, 773 (8th Cir. 2009).  "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chi. Truck Drivers*, 207 F.3d at 507.  In civil contempt proceedings, "due process requires that the [nonparty] be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Chi. Truck Drivers*, 207 F.3d at 504 (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975). "[M]agistrate judges do not themselves have contempt power, [but] they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Id.* at 504-05.

Mr. Arps was first served with the OSHA administrative subpoena on February 27, 2023. The Acting Secretary commenced this action to enforce the subpoena on April 12, 2023, after first attempting to communicate with Mr. Arps to obtain his responses prior to involving the Court.  On April 13, 2023, the Court first entered an order providing Mr. Arps with an opportunity to respond in writing to the Acting Secretary's Petition and directing him to appear for a show-cause hearing before the undersigned magistrate judge to explain why he should not be compelled to produce all documents requested in the administrative subpoena.  (Filing No. 5).  The record contains evidence that Mr. Arps received the administrative subpoena.  The Court's Order to Show Cause was mailed to Mr. Arps by the Clerk, and the USM served a copy by certified mail, which was received by

Mr. Arps' wife.  Mr. Arps failed to respond to the administrative subpoena and failed to comply with the Court's Order to Show Cause.  He did not respond in writing as ordered, and he did not appear for the show-cause hearing on May 24, 2023.

On May 26, 2023, the Court entered an Order granting the Acting Secretary's petition to enforce the administrative subpoena.  (Filing No. 9).  The May 26 Order warned Mr. Arps that "any failure to obey such order of the court may be punished by said court as a contempt thereof." Again, the May 26 Order was mailed to Mr. Arps by the Clerk, the USM personally served Mr. Arps with a copy, and OSHA emailed Mr. Arps a copy.  The Acting Secretary informed Mr. Arps of her intention to seek contempt sanctions should he fail to produce the documents.  Mr. Arps still did not respond to the administrative subpoena or comply with the Court's May 26 Order.

On August 17, 2023, the Court entered an order providing Mr. Arps with an opportunity to explain why he should not be held in contempt and sanctioned.  The August 17 Order directed Mr. Arps to appear for a show-cause hearing before the undersigned magistrate judge and warned him that "failure to appear at the hearing will result in a recommendation that he be held in contempt of court and/or the imposition of other sanctions, including monetary sanctions, as appropriate and authorized under the law."  The August 17 Order was mailed to Mr. Arps by the Clerk, the USM personally served Mr. Arps with a copy, and counsel for the Acting Secretary emailed Mr. Arps a copy.  Mr. Arps did not appear for the show-cause hearing on October 10, 2023.

Under these circumstances, the undersigned magistrate judge will recommend that Mr. Arps be found in civil contempt of court for failure to respond to the administrative subpoena and comply with the undersigned magistrate judge's orders. The undersigned magistrate judge will also recommend that Mr. Arps be subject to coercive and compensatory contempt sanctions in the form of a daily coercive fine and an award of the Acting Secretary's reasonable attorneys' fees and costs incurred as a result preparing and prosecuting the Motion for Adjudication of Civil Contempt.

The Acting Secretary asks the Court to impose a conditional daily fine of $100 on Mr. Arps for his failure to comply with the Court's May 26 Order, until such time as he fully complies and

produces the documents required by the administrative subpoena. A coercive fine "may be employed either to coerce the defendant into compliance with a court order." *Chi. Truck Drivers*, 207 F.3d at 505 (citing *United Mine Workers*, 330 U.S. at 303-04). The undersigned magistrate judge finds a daily fine of $100 is appropriate to bring about compliance with the administrative subpoena and the Court's May 26 Order. See *United States v. Rue*, 819 F. 2d 1488, 1494-95 (8th Cir. 1987) (finding the district court did not abuse its discretion by imposing a conditional daily $100 fine as a civil contempt sanction on a party that failed to comply with its order enforcing an Internal Revenue Service summons seeking documents); *BMO Harris Bank N.A. v. Alton Bean Trucking, Inc.*, No. 6:16-CV-6118, 2019 WL 1495292, at *5 (W.D. Ark. Apr. 4, 2019) (imposing a coercive fine of $150 per day, to go into effect after the defendants were provided one more chance to comply with the court's order). To the extent that Mr. Arps continues to ignore the Court's orders, he is warned that he may be subject to incarceration, with release conditioned on compliance with the administrative subpoena and the May 26 Order.

The Acting Secretary also seeks $5,450.00 in attorneys' fees and $476.56 in costs incurred as a result preparing and prosecuting the Motion for Adjudication of Civil Contempt. In addition to coercive contempt sanctions, a court can impose compensatory sanctions, which must be based upon actual loss. *United Mine Workers*, 330 U.S. at 304. Reasonable attorneys' fees and costs incurred in prosecuting a contempt motion are compensatory sanctions. See *Grove v. Meltech, Inc.*, No. 8:20CV193, 2021 WL 6884495, at *1 (D. Neb. Jan. 29, 2021) (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017)); see also *Matter of Trinity Indus., Inc.*, 876 F.2d 1485, 1496 (11th Cir. 1989) (indicating Secretary may be entitled to attorney's fees as a contempt sanction in OSHA subpoena enforcement proceedings).

The Court must evaluate the reasonableness of the amounts sought. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quotation omitted). In evaluating a fee request, the Court relies on its experience, expertise, and knowledge of prevailing market rates and the time it takes to perform the tasks at issue. See

*id.* at 825. The Court has broad discretion in deciding an appropriate fee award. See *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017).

After review, the undersigned magistrate judge finds that an award of $5,450.00 in attorneys' fees is reasonable under the circumstances. The Acting Secretary's supplemental evidence shows that counsel for the Acting Secretary spent 27.25 hours of time as a result of Mr. Arps failing to comply with the Court's May 26 Order, including drafting the Motion for Adjudication of Civil Contempt, preparing for the show-cause hearing, and appearing at the show-cause hearing. (Filing No. 23). The undersigned magistrate judge finds the amount of time expended by the Acting Secretary's counsel appropriate. The Acting Secretary requests an hourly rate of $200.00 for counsel's time. Based on the undersigned magistrate judge's experience, expertise, and knowledge of prevailing market rates, the undersigned magistrate judge finds the requested rate reasonable. See, e.g., *Sawyer v. Noah's Ark Processors, LLC*, No. 4:19-CV-3016, 2020 WL 7029481, at *5 (D. Neb. Nov. 30, 2020) (finding rates of $200, $250, and $300/hour reasonable for NLRB attorneys). The costs sought by the Acting Secretary are also reasonable and were necessarily incurred when the Acting Secretary's counsel was required to travel to the October 10 show cause hearing. Specifically, the Acting Secretary incurred $476.56 for travel to the show-cause hearing on October 10, 2023, which amount consists of $130.85 for lodging, $96.00 for meals and incidentals, $226.33 for rental car expenses, and $23.38 in booking and transaction fees.

Therefore, upon consideration,

**IT IS HEREBY RECOMMENDED** to Chief Judge Robert F. Rossiter that Petitioner's Motion for Adjudication of Civil Contempt (Filing No. 13) be granted, and that based upon the above Certification of Facts the Court issue an Order:

1. Holding Respondent, Christopher C. Arps d/b/a Capital City Roofing and Construction, in civil contempt of court until such time as he purges contempt by responding to the administrative subpoena;

10

2. Directing Respondent to immediately cease and desist from disobeying and resisting the Court's May 26 Order (Filing No. 9) and produce the required documents within seven (7) days of service;

3. Imposing a coercive fine of $100.00 per day against Respondent Christopher C. Arps d/b/a Capital City Roofing and Construction, to go into effect if he fails to produce the required documents; and

4. Requiring Respondent Christopher C. Arps d/b/a Capital City Roofing and Construction to pay reasonable attorneys' fees and costs in the amount of $5,926.56 to the Acting Secretary.

**IT IS ORDERED**: The Clerk of Court shall mail a copy of this Certification of Facts and Findings and Recommendation of Contempt to:

> Christopher Arps d/b/a Capital City Roofing and Construction
> 1939 N. 88th Street
> Lincoln, Nebraska 68505

Dated this 26th day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's or and findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the order findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.